UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> PEARSON EDUCATION, INC., <br><br>   Defendant. | Case No.  12-cv-01927-WHO <br><br> **ORDER DENYING LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO MODIFY THE SCHEDULING ORDER** <br><br> Re: Dkt. No. 36 |

## INTRODUCTION

Plaintiff Muench Photography, Inc. ("Muench"), moves for leave to file a first amended complaint that includes two new causes of actions and to modify the Case Management Order (Dkt. No. 30) to allow additional discovery. This motion comes over six months after the deadline for amending pleadings and 17 days before the deadline for fact discovery even though Muench "discovered" facts underlying the proposed claims more than four months before filing this Motion. Having considered the papers filed with and in opposition to the motion, and the argument of counsel, the Court DENIES the Motion for Leave to File First Amended Complaint and to Modify the Scheduling Order because Muench unduly delayed in bringing it, and granting it now would reopen discovery, add new claims and delay the trial, prejudicing defendant Pearson Education, Inc. ("Pearson").

## BACKGROUND

On April 18, 2012, Muench sued Pearson for copyright infringement.[1] Muench, a stock photography company, alleges that Pearson, a textbook publisher, unlawfully reproduced

---

[1] Muench also sues John Doe Printers 1-10.

Muench's photographs and exceeded the limited licenses Muench granted Pearson. Br. at 1; Compl. ¶¶ 11, 13.

On June 5, 2012, Pearson answered the Complaint. Dkt. No. 16. Judge Edward Davila of this Court entered a Case Management Order on September 12, 2012, which set a deadline of November 12, 2012, for amending any pleadings and stated that any amendments thereafter "may be permitted upon stipulation of the parties or leave of the Court pursuant to Federal Rule of Civil Procedure 15." Dkt. No. 30 at 1. The Case Management Order set a deadline for fact discovery on May 31, 2013. Dkt. No. 30 at 2.

Muench moved for leave to file a first amended complaint with additional claims for contributory and vicarious infringement ("indirect infringement") on May 14, 2013, based on newly discovered evidence that Muench claims it did not have at the start of this case. Br. at 1. Muench states that in January 2013 its counsel discovered evidence that Pearson committed indirect infringement by providing Muench's photographs to Pearson's foreign affiliates, who then used the photos in German and Spanish textbooks without licenses. Br. at 2. Muench describes this "discovery" as "fortuitous" and claims that it did not have "specific evidence" of indirect infringement previously because the foreign textbooks were not sold or readily available in the United States. Br. at 2. Muench claims that it learned about the infringing foreign textbooks only after searching online for foreign language translations of certain Pearson titles and then obtaining copies of them from foreign distributors. Kerr Decl. ¶ 8; Br. at 2. Muench asserts that it could not have known about the foreign infringements because, during discovery, Pearson refused to provide information about foreign publications. Br. at 3-4.

Muench proposes modifying the case management schedule by allowing six additional weeks for fact discovery. Dkt. No. 36.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. FED. R. CIV. PRO. 15. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the

2

1  court's leave," though the court "should freely give leave when justice so requires." *Id.* In
2  *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit stated that leave to amend
3  should be freely given absent "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3)
4  prejudice to the opposing party; and (4) futility of the proposed amendment." 194 F.3d 980, 986
5  (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of
6  prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v.*
7  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any
8  of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave
9  to amend." *Id.* (original emphasis).

10  However, once the court implements a scheduling order, leave to amend a pleading after
11  the deadline has passed and to modify the schedule may only be granted by the court for "good
12  cause." FED. R. CIV. PRO. 16(b). As the Ninth Circuit instructs, the "good cause" standard
13  "primarily considers the diligence of the party seeking the amendment." *Millenkamp v. Davisco*
14  *Foods Int'l, Inc.*, 448 Fed. Appx. 720, 721 (9th Cir. 2011) (citing *Johnson v. Mammoth*
15  *Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)). Where the moving party "failed to show
16  diligence, the inquiry should end," though prejudice to the non-moving party "supplies an
17  additional reason for denying" leave to amend. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
18  1295 (9th Cir. 2000) (quotation marks omitted).

19  Ordinarily, the Court would apply the good cause standard in this case because Muench
20  filed this Motion after the deadline for amending pleadings. However, pursuant to Judge Davila's
21  Case Management Order, the Court applies the more liberal standard under Rule 15.

## DISCUSSION

23  The Court finds that Muench unduly delayed bringing this Motion and that allowing
24  Muench to amend its pleadings would prejudice Pearson. The Court addresses the Rule 15 factors
25  in turn.

### I. UNDUE DELAY

27  The Court finds a "strong showing" that Muench unduly delayed bringing its Motion.
28  *Eminence Capital*, 316 F.3d at 1052. Muench claims that it "fortuitously" discovered allegedly

new evidence of foreign infringement in January 2013. Br. at 2. Muench does not explain how or why it took until January 2013 to find this evidence. Muench actively litigates contributory infringement claims throughout the country and is aware that claims may exist regarding foreign textbooks. Indeed, Muench's own discovery request to Pearson, made on August 17, 2012, asks for Pearson's licenses to non-English publishers, suggesting that Muench knew about the possibility of infringing foreign-language translations.[2] Dudash Decl. Ex. 1 ¶ 5. Although Muench's counsel declared that "the Foreign Language Books were discovered through Internet searches for the German or Spanish translations of publication titles in suit" that counsel performed, he does not explain why these basic internet searches could not have been performed earlier and before the November 12, 2012, deadline for amending pleadings. Kerr Decl. ¶ 8. Further, nearly four months elapsed after Muench's internet searches before Muench moved to amend its complaint on May 14, 2013—just 17 days before the end of fact discovery. Having definitively learned about the allegedly infringing foreign titles in January 2013, Muench does not explain why it did not seek leave to file an amended complaint soon thereafter. Contrary to Muench's assertion that it "brought this motion to amend in a timely fashion once the evidence was discovered," Br. at 5, the four months that elapsed constitutes undue delay. *See Minden Pictures, Inc. v. Pearson Educ., Inc.*, 2013 WL 71774, at *3(N.D. Cal. Jan. 7, 2013)(denying untimely motion because "[t]here is no apparent reason why plaintiff did not plead contributory infringement" earlier).

     The Court recognizes that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). Accordingly, the Court examines other factors to determine whether granting or denying the Motion is appropriate.

## II. PREJUDICE TO THE OPPOSING PARTY

"A need to reopen discovery and therefore delay the proceedings supports a district court's

---

[2] Pearson objected to these discovery requests on September 19, 2012, as being outside the scope of the suit but Muench apparently never took issue with the objection. Dudash Decl. Ex. 2 ¶.

finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp.*, 194 F.3d at 986. Muench makes a conclusory assertion that Pearson would not be prejudiced if the Court were to grant its motion. To the contrary, the Court finds that granting Muench's motion would cause prejudice to Pearson because discovery would have to be reopened potentially on each of the 485 licenses involved in this matter and as a result the trial in this case would be delayed.

In *Solomon v. North American Life and Casualty Insurance Co.*, the Ninth Circuit affirmed the district court's conclusion that adding a new cause of action two weeks before the discovery deadline would cause prejudice *and* undue delay. 151 F.3d 1132, 1138-39 (9th Cir. 1998). Like the plaintiff in *Solomon*, Muench brings this Motion approximately two weeks before the end of fact discovery; unlike *Solomon*, Muench brings two—not one—additional causes of action. This case was filed over 15 months ago, and discovery began one year ago. While Muench requests six additional weeks for discovery, there is no assurance that the discovery sought could be conducted in that time frame--indeed, given the explanation of counsel for Pearson at oral argument, it would appear that the foreign discovery necessary would take far longer than six weeks. Regardless, the need to reopen discovery to explore new causes of action for even six weeks would delay the trial and prejudice Pearson. *Lockheed Martin Corp.*, 194 F.3d at 986; *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion for leave to amend filed five days before fact-discovery cutoff and three months before trial because the "requirement of additional discovery would have prejudiced [the defendant] and delayed the proceedings").

### III. BAD FAITH AND FUTILITY OF THE PROPOSED AMENDMENT

Because a finding of both prejudice and undue delay are sufficient to deny a Rule 15 motion, *see, e.g.*, *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-89 (9th Cir. 1990), there is no need to address the remaining factors of bad faith and futility.

### CONCLUSION

Because the Court finds that Muench unduly delayed bringing this Motion and that granting the relief it seeks would prejudice Pearson, the Motion for Leave to File First Amended

Complaint and to Modify the Scheduling Order is DENIED.

**IT IS SO ORDERED.**

Dated: August 15, 2013



WILLIAM H. ORRICK
United States District Judge