UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC., <br>     Plaintiff, <br>     v. <br> PEARSON EDUCATION, INC., <br>     Defendant. | Case No. 12-cv-01927-WHO <br><br> **ORDER QUASHING SUBPOENA TO THIRD-PARTY CORBIS CORPORATION** <br><br> Re: Dkt. No. 53 |

Defendant Pearson Education, Inc. ("Pearson"), and plaintiff Muench Photography, Inc. ("Muench") submitted a joint letter describing a discovery dispute regarding the propriety of Muench's issuance of a document subpoena to third-party Corbis Corporation ("Corbis") on August 20, 2013 (the "Letter"). Because the deadline for fact discovery was May 31, 2013, and Muench does not show good cause for reopening discovery, the subpoena is QUASHED.

Third-party subpoenas under Federal Rule of Civil Procedure 45 "are subject to the same scheduling orders and deadlines as other forms of discovery." WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL 11-308 (2013) (citing *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 444 (D. Minn. 1997)); *see also MedImmune, LLC v. PDL Biopharma, Inc.*, No. 08-cv-05590-JF (HRL), 2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010); *Crayton v. Rochester Med. Corp.*, No. 07-cv-1318-OWW (GSA), 2010 WL 392341, at *2 (E.D. Cal. Jan. 25, 2010); *nSight v. PeopleSoft, Inc.*, No. 04-cv-3836-MMC (MEJ), 2006 WL 988807, at *4 (N.D. Cal. Apr. 13, 2006); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999). Muench mischaracterizes its subpoena as a trial subpoena because it seeks documents "in order to prepare its proofs for trial." Letter at 4. But the entire purpose of discovery is to prepare a case for trial, and the subpoena to Corbis is clearly one

which could and should have been served during the discovery period.

Case management procedures, such as discovery deadlines, are designed to "secure the just, speedy, and inexpensive determination of every action and proceeding" that Federal Rule of Civil Procedure 1 advises. FED. R. CIV. P. 1. Federal Rule of Civil Procedure 16 requires district judges to issue scheduling orders that address discovery. FED. R. CIV. P. 16. If a party could evade discovery deadlines to continue to conduct third-party discovery until the time of trial, the universe of documents relevant to the case would never be settled prior to trial. This would defeat the purpose of the case management procedures detailed in the Federal Rules, increase the cost of litigation, impede settlement prospects, make trial preparation unwieldy, and wreak havoc on trial schedules.

Muench seeks documents from Corbis on the day that dispositive motions are due, three months after the close of fact discovery, and four months before trial. It does not explain why it represented to the Court on August 14, 2013, that fact discovery was complete. It provides no justification for not having sought this discovery during the discovery period. It does not refute Pearson's assertion that Muench was well aware from the time it filed this action on April 18, 2012, that Corbis had documents relevant to its case. Letter at 2.

Instead, Muench purports to squeeze through an exception to the general rule that Rule 45 subpoenas may not be used as "means to engage in discovery after the discovery deadline has passed." *See, e.g.*, *Puritan Inv. Corp. v. ASLL Corp*., No. 97-cv-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) (citations omitted). Suffice it to say, it failed. The overwhelming gist of the authorities referred to in the Letter agrees with the court in *Puritan Investment*, a case that Muench cited and which the Court quotes at length below since it is on all fours with this case:

> Plaintiff does not explain why the desired records were not obtained through a proper Rule 34 document request before the discovery deadline. Plaintiff bears the burden of preparing its own case for trial. Any documents it wished to peruse which were not voluntarily disclosed should have been timely demanded through formal discovery procedures.

Plaintiff does not and credibly could not aver that it was unaware of the possible existence of the subpoenaed documents before the discovery deadline. *See McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("when a [party] . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied"). The documents plaintiff now seeks are standard records routinely maintained by corporations. Moreover, plaintiff's contention that defendants knew since the informal May 1997 meeting that such records might be used by plaintiff to support its alter ego theory shows that plaintiff itself was aware of the existence of such documents months before the close of discovery.

The only reasonable conclusion from the record presented is that plaintiff is attempting to use trial subpoenas improperly as a discovery device on the eve of trial. *See Thompson v. Glenmede Trust Co.*, 1996 WL 529691, *1 (E.D. Pa. Sept. 16, 1996) (unjust and burdensome to require party on eve of trial to produce documents pursuant to subpoena served after discovery deadline).

The same is true here. For the foregoing reasons, the Court QUASHES the subpoena duces tecum issued to Corbis by Muench.

**IT IS SO ORDERED.**

Dated: August 29, 2013

_____
WILLIAM H. ORRICK
United States District Judge

3