Sharon R. Smith (SBN 198547)
Andrew M. Purdy (SBN 261912)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.963.1001
E-mail: srsmith@morganlewis.com
         apurdy@morganlewis.com

David W. Marston Jr. (admitted *pro hac vice*)
Andrew C. Whitney (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com
         awhitney@morganlewis.com

Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail: adudash@morganlewis.com

**Attorneys for Defendant Pearson Education, Inc.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>PEARSON EDUCATION, INC., and JOHN DOE PRINTERS 1-10,<br><br>        Defendants. | Case No. 12-CV-01927-WHO<br><br>**DEFENDANT PEARSON EDUCATION, INC.'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS INVOICES AND ATTORNEYS' BILLING RATES PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5 AND GENERAL ORDER NO. 62** |

PLEASE TAKE NOTICE that pursuant to Northern District of California Local Rules 7-11, 79-5(c) and General Order No. 62, Defendant Pearson Education, Inc. ("Pearson") hereby moves this Court for an order sealing: (1) the confidential negotiated billing rates contained in the Declaration of David W. Marston Jr. (the "Marston Declaration") and Declaration of Richard Dannay (the "Dannay Declaration") filed in support of Pearson's Motion for Attorneys' Fees, Expert Fees and Costs; and (2) the invoices issued by Pearson's attorneys attached as Exhibit 8 to the Marston Declaration and Exhibit 2 to the Dannay Declaration.

Good cause exists to permit Pearson to file under seal its negotiated billing rates and invoices. As an initial matter, the Local Rules specifically contemplate that invoices can be shielded from opposing counsel as well as the public by permitting *in camera* review of attorney time records submitted in connection with a motion for attorneys' fees. *See* N.D. Cal. Local Rule 54-5(b)(2). Moreover, public disclosure of the negotiated billing rates and invoices would harm Pearson and its attorneys by revealing commercially sensitive information regarding Pearson's negotiated rates and its litigation strategy for this matter. Finally, public disclosure of the billing rates and invoices would undermine the purposes of the Copyright Act by forcing a successful defendant to choose between seeking fees and costs as contemplated by the Copyright Act, on the one hand, or revealing its confidential billing rates and invoices, on the other hand.

Redacted copies of the Marston Declaration and Dannay Declaration are attached as Exhibits 1 and 2 to the Sealing Declaration of David W. Marston Jr. (the "Marston Sealing Decl.") (Exhibit A hereto). Pursuant to General Order No. 62, pending the Court's ruling on this Administrative Motion, unredacted copies of the Marston Declaration and the Dannay Declaration as well as copies of the invoices Pearson is seeking to seal will be lodged with the Court and served on Plaintiff.[1]

---

[1] The versions of the invoices lodged with the Court and served on Plaintiff contain redactions. Pearson has redacted information protected from disclosure by the attorney-client privilege and/or and work product doctrine. *See* Marston Sealing Decl. ¶ 7. Separately, Pearson has also redacted in their entirety certain entries for which it is not seeking fees. *See id.* ¶ 8. Pursuant to Local Rule 54-5(b)(2), unredacted copies of these invoices are available to the Court for *in camera* review.

## I. BACKGROUND

Muench Photography, Inc. ("MPI") initiated the underlying copyright infringement case against Pearson on April 18, 2012. *See* Docket No. 1. Pearson filed a Motion for Summary Judgment on August 31, 2013.[2] On November 19, 2013, the Court entered an Order granting Pearson's Motion for Summary Judgment. *See* Dkt. No. 77. On December 2, 2013, the Court entered final judgment in favor of Pearson on all asserted claims. *See* Dkt. No. 78.

On December 13, 2013, Pearson notified MPI that it intended to file a motion to seal in connection with a forthcoming motion for attorneys' fees, expert fees, and costs. Marston Sealing Decl. ¶ 3. On December 16, 2013, MPI's counsel informed Pearson that it would not oppose Pearson's filing of its invoices under seal and to Pearson's redacting its billing rates from the Marston Declaration and the Dannay Declaration. *See id.* ¶ 4.[3]

## II. ARGUMENT

### A. Legal Standard

Because the public's interest in non-dispositive motions is relatively low, documents submitted to the Court in support of a non-dispositive motion may be sealed on a showing of "good cause." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[F]ilings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' . . . legitimate expectation that confidential business information . . . will not be publicly disseminated." *In re Adobe Sys., Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). The United States Supreme Court has held that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of information

---

[2] Pearson filed its motion for summary judgment under seal on August 31, 2013 and filed a redacted version of its motion on September 12, 2013. *See* Dkt. Nos. 60 & 62.

[3] MPI's counsel stated that MPI opposed Pearson's redaction of its attorney-client privileged and work product privileged information from the invoices. *See* Marston Sealing Decl. ¶ 7.

that might harm a litigant's . . . standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

### B. Good Cause Exists for Sealing the Billing Rates and Invoices

#### 1. Public Disclosure of the Billing Rates and Invoices Would Harm Pearson and Its Attorneys

Good cause exists to seal "business information that might harm . . . competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Here, the billing rates Pearson negotiated with its attorneys for the instant action are maintained as confidential by both Pearson and its attorneys. *See* Marston Sealing Decl. ¶ 9; Sealing Declaration of Richard Dannay ("Dannay Declaration") (attached hereto as Exhibit B) ¶ 3. Disclosure of these confidential negotiated rates would harm Pearson and its attorneys by providing competitors with unfettered insight into the negotiated pricing structures and billing strategies of Pearson and its attorneys, which competitors do not normally and should not have access to. *See* Marston Sealing Decl. ¶ 10; Dannay Sealing Decl. ¶ 4. The firms' competitors could imitate or exploit their knowledge of this sensitive information for their own financial gain and, accordingly, to the detriment of Pearson and its attorneys.

Simply put, disclosure of the commercially sensitive negotiated billing rates would cause competitive harm to Pearson and its attorneys. *See E&J Gallo Winery v. Proximo Spirits, Inc.*, No. 1:10–cv–00411 LJO JLT, 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012) (holding "information [within invoices] detail[ed] confidential billing rate information that, if became known, would likely impact the law firm's competitiveness"). Indeed, numerous courts have recognized that attorney invoices contain commercially sensitive information such that there is good cause for shielding them from public disclosure. *See, e.g.*, *Medicis Pharma. Corp. v. Acella Pharmas., LLC*, No. CV 10–1780–PHX–JAT, 2012 WL 2260928, at *2 (D. Ariz. June 15, 2012) (finding good cause to seal summary of attorneys' fees and expenses); *Mine O'Mine, Inc. v. Calmese*, No. 2:10–CV–00043–KJD–PAL, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012) (finding that negotiated hourly billing rates are "competitively sensitive" and thus that invoices reflecting these rates should be filed under seal); *Belks Media v. OnlineNIC*, No. C09–00198

HRL, 2010 WL 7786122, at *5 n.6 (N.D. Cal. Aug. 23, 2010) (granting administrative motion to file invoices under seal).

### 2. Public Disclosure of the Invoices Would Reveal Confidential Litigation Strategy

Good cause also exists to seal the invoices as public disclosure would reveal confidential aspects of Pearson's litigation strategy. Indeed, the invoices reflect Pearson's attorneys' handling of this litigation. The invoices thus provide detailed insight into Pearson's – and its counsel's – overall strategy for defending this litigation. The unique circumstances of this case would make public disclosure such strategic information particularly harmful to Pearson. MPI's attorneys have filed over 30 copyright infringement lawsuits against Pearson's direct competitors – other textbook publishers, at least twenty-three of which are still active. Marston Sealing Decl. ¶ 11 (listing cases). As Pearson's competitors must also defend lawsuits brought by the same law firm that represents MPI in the instant action based on nearly identical allegations of copyright infringement, public disclosure of Pearson's invoices would provide its competitors with insight into Pearson's litigation strategies.[4]

Moreover, MPI's counsel has previously demonstrated that they use information obtained in one case in different cases when representing different plaintiffs. *See, e.g.*, Dkt. No. 41-5 (Harmon & Seidman partner's declaration discussing and attaching information from lawsuits against different publisher); Dkt. No. 46 at 4 (discussing Pearson's initial refusal to produce in the instant action a document Pearson produced confidentially in an unrelated litigation as "Outstanding Discovery Issue No. 1"). Thus, if Pearson's invoices are not sealed, MPI's attorneys would be able to use those invoices in its other actions against Pearson, of which there are 15 active cases pending. Accordingly, because the invoices reflect confidential litigation strategy, they should be protected from public disclosure. *See generally Armstrong v. Kennedy Krieger Institute, Inc.*, Civil No. WDQ–11–3380, 2012 WL 1554643, at *6 (D. Md. Apr. 30, 2012) (sealing exhibits containing information that reflected litigation strategy).

---

[4] Although Pearson has redacted from the invoices information protected by the attorney client privilege and/or the work product doctrine, Pearson's general strategic decisions and overall handling of the litigation are reflected in the redacted invoices.

DEFENDANT PEARSON EDUCATION,
INC.'S UNOPPOSED ADMINISTRATIVE                    4                           12-CV-01927-WHO
MOTION TO SEAL

### 3. Sealing Is in Accord With the Purposes of the Copyright Act

As discussed in greater detail in Pearson's Motion for Fees and Costs, MPI brought this action knowing that the copyright registrations on which it relied – a statutory prerequisite to bringing suit – had previously been found invalid by another federal court. Additionally, MPI brought this action even though it was not the owner of the copyrights at issue. Pearson prevailed on summary judgment on both issues. *See* Dkt. No. 77. As the prevailing party, Pearson is therefore eligible for "full costs" including attorneys' fees. *See* 17 U.S.C. § 505. Despite MPI's failure to satisfy prerequisites to filing suit, Pearson was forced to litigate the instant action for more than 18 months in order to advance various meritorious defenses. As part of its Motion for Attorneys' Fees, Expert Fees and Costs, Pearson must justify its fees as reasonable. *See Yue v. Storage Tech. Corp.*, No. C 07-05850, 2008 WL 4185835, at *3 (N.D. Cal. Sept. 5, 2008). Given the duration of litigation and unnecessary motion practice caused by MPI's improper litigation tactics, Pearson has more than 200 pages of bills. Marston Sealing Decl. ¶ 13. Given that the Copyright Act allows fees to the prevailing party, Pearson should not have to choose between seeking fees and publicly disclosing its counsel's bills. Indeed, if the Court were to refuse to seal Pearson's fee information, this would likely deter future defendants from seeking fees contemplated by the Copyright Act, thereby rewarding plaintiffs who assert baseless copyright infringement lawsuits. *Cf. Baker v. Urban Outfitters*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006) (finding a fee award appropriate in copyright infringement action to deter plaintiffs "from bringing unreasonable claims based on a cost/benefit analysis that tells [them] that they can score big if they win and that there will be no adverse consequences if they lose").

### III. CONCLUSION

For the foregoing reasons, Pearson respectfully requests that the Court order the sealing of the billing rates contained in the Marston and Dannay Declarations as well as the invoices attached as Exhibit 8 to the Marston Declaration and Exhibit 2 to the Dannay Declaration.

Dated: December 16, 2013

        */s/ David W. Marston Jr.*
        Sharon R. Smith (SBN 221428)
        Andrew M. Purdy (SBN 261912)
        Morgan, Lewis & Bockius LLP
        One Market, Spear Street Tower
        San Francisco, CA 94105-1126
        Tel: 415.442.1000
        Fax: 415.442.1001
        Email: srsmith@morganlewis.com
                apurdy@morganlewis.com

David W. Marston Jr. (admitted *pro hac vice*)
Andrew C. Whitney (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com
        awhitney@morganlewis.com

Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail: adudash@morganlewis.com

*Attorneys for Defendant Pearson Education, Inc.*

# **PROOF OF SERVICE**

I am a resident of the State of Delaware and over the age of eighteen years and not a party to the within-entitled action; my business address is 1007 N. Orange Street, Suite 501, Wilmington, Delaware 19801.

On December 16, 2013, I served:

**DEFENDANT PEARSON EDUCATION, INC.'S UNOPPOSED ADMINISTRATIVE MOTION TO SEAL**

| ☒ | BY E-FILE: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: |
|---|---|

        Christopher Seidman (SBN 98884)
        Harmon & Seidman LLC
        101 South Third Street, Suite 265
        Grand Junction, CO 81501
        Telephone: (970) 245-9075
        Facsimile: (970) 245-8086
        chris@harmonseidman.com

        Robert W. Crockett (SBN 79918)
        Harmon & Seidman LLC
        33 Spindrift Passage
        Corte Madera, CA 94925
        Telephone: (415) 945-1830
        robert@harmonseidman.com

        Alex Rice Kerr (SBN 264821)
        Harmon & Seidman LLC
        P.O. Box 3097
        Jackson, WY 83001
        Telephone: (970) 270-4718
        alex@harmonseidman.com

Executed on December 16, 2013, at Wilmington, Delaware.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

                                        */s/ Amy M. Dudash*