# **EXHIBIT A**

Sharon R. Smith, State Bar No. 221428
Andrew M. Purdy, State Bar No. 261912
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: srsmith@morganlewis.com
           apurdy@morganlewis.com

David W. Marston Jr. (admitted *pro hac vice*)
Andrew C. Whitney (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com
          awhitney@morganlewis.com

Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail: adudash@morganlewis.com

*Attorneys for Defendant Pearson Education, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>PEARSON EDUCATION, INC., and JOHN DOE PRINTERS 1-10,<br><br>Defendants. | Case No. 12-CV-01927-WHO<br><br>**SEALING DECLARATION OF DAVID W. MARSTON, JR.** |

I, David W. Marston, Jr., hereby declare:

1. I am a partner at the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") and lead counsel to Defendant Pearson Education, Inc. ("Pearson") in the above-captioned matter.

2. I submit this Declaration in support of Pearson's Administrative Motion to Seal. I have personal knowledge of the facts stated herein and if called upon could testify to those facts.

3. On December 13, 2013, Pearson notified Muench Photography, Inc. ("MPI") that it intended to file a motion to seal in connection with a forthcoming motion for attorneys' fees, expert fees, and costs, and counsel for the parties had a telephonic meet and confer on the issue.

4. On December 16, 2013, counsel for the parties had a follow-up telephonic meet and confer during which MPI consented to Pearson's filing under seal the billing rates and invoices of Pearson's attorneys.

5. Attached hereto as Exhibit 1 is a true and correct redacted copy of the Declaration of David W. Marston, Jr. and accompanying exhibits submitted in support of Pearson's Motion for Attorneys' Fees, Expert Fees, and Costs (the "Marston Declaration").

6. Attached hereto as Exhibit 2 is a true and correct redacted copy of the Declaration of Richard Dannay and accompanying exhibits submitted in support of Pearson's Motion for Attorneys' Fees, Expert Fees, and Costs (the "Dannay Declaration").

7. In the invoices submitted under seal as Exhibit 8 to the Marston Declaration and Exhibit 2 to the Dannay Declaration, Pearson redacted information protected from disclosure by the attorney-client privilege and/or and the work product doctrine. During the meet and confer on December 16, 2013, MPI's counsel stated that, while they did not oppose the filing of billing rates and invoices under seal, they would oppose any redactions made by Pearson based on the attorney-client privilege and/or and the work product doctrine. Pursuant to Local Rule 54-5(b)(2), unredacted copies of Pearson's invoices are available for *in camera* review.

SEALING DECLARATION OF DAVID W. MARSTON, JR.      2      12-CV-01927-WHO

8. Separately, Pearson has also redacted in their entirety certain entries for which it is not seeking fees; on these redactions Pearson has noted "Fees not sought." Pearson has annotated the corresponding hours billed and amount in the invoices to reflect billed time for which it is seeking fees. The monthly total on each invoice has also been adjusted accordingly.

9. Morgan Lewis does not publicly disclose its negotiated-billing rates pertaining to specific clients or matters. Similarly, it is my understanding that Pearson does not publicly disclose the negotiated billing rates charged by its outside counsel.

10. Public disclosure of confidential billing rates would harm Morgan Lewis's competitive standing because its competitors would gain insight into the firm's negotiated pricing structure and billing strategies, which competitors do not normally have access to. Similarly, I understand that public disclosure of this information would also harm Pearson as its competitors would gain insight into non-public pricing structure and billing strategies.

11. MPI's attorneys – Harmon and Seidman – have filed over 30 copyright infringement lawsuits against Pearson's direct competitors in the publishing industry. *See Minden Pictures, Inc v. John Wiley & Sons Inc.*, C.A. No. 3:13-cv-03246-EMC (N.D. Cal. July 12, 2013); *Clifton v. John Wiley & Sons, Inc.*, C.A. No. 3:13-cv-02923-JSW (N.D. Cal. June 25, 2013); *Clifton v. Macmillan Publishers, Ltd.*, C.A. No. 13-cv-02291-JST (N.D. Cal. May 20, 2013); *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 13-cv-02378-JHS (E.D. Pa. May 1, 2013); *Lefkowitz v. John Wiley & Sons, Inc.*, C.A. No. 13-cv-01662-MMB (E.D. Pa. Apr. 1, 2013); *Lefkowitz v. McGraw-Hill Cos., Inc.*, C.A. No. 13-1661 (E.D. Pa. Apr. 1, 2013); *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 1:13-cv-01696-NRB (S.D.N.Y. Mar. 13, 2013); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 13-cv-00834-LAP (S.D.N.Y. Feb. 5, 2013); *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, C.A. No. 12-cv-10003 (E.D. Ill. Dec.

17, 2012); *Panoramic Stock Images, Ltd. v. McGraw-Hill Global Educ. Holdings, LLC*, C.A. No. 12-cv-09881 (N.D. Ill. Dec. 11, 2012); *Shull v. Houghton Mifflin Publ'g Co.*, C.A. No. 11-cv-03012-PAB-MJW (D. Colo. Nov. 18, 2012); *Beasley v. John Wiley & Sons, Inc.*, C.A. No. 12-cv-8715 (N.D. Ill. Oct. 31, 2012); *Muench Photography, Inc. v. John Wiley & Sons, Inc.*, C.A. 12-cv-07502-LAP (S.D.N.Y. Oct. 5, 2012); *Frerck v. McGraw-Hill Cos., Inc.*, C.A. No. 12-cv-07516 (N.D. Ill. Sept. 19, 2012); *Minden Pictures, Inc. v. John Wiley & Sons Inc.*, C.A. No. 12-cv-04601-EMC (N.D. Cal. Sept. 4, 2012); *Visuals Unlimited, Inc. v. John Wiley & Sons, Inc.*, C.A. No. 11-cv-00415-LM (D.N.H. Aug. 26, 2011); *Muench Photography, Inc. v. McGraw-Hill Cos. Inc.*, C.A. No. 12-cv-06595-LAP (S.D.N.Y. May 15, 2012); *DRK Photo v. McGraw-Hill Cos. Inc.*, C.A. No. 12-cv-08093-PGR (D. Ariz. May 15, 2012); *Leftkowitz v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 12-cv-10614-MLW (D. Ma. Apr. 6, 2012); *Viesti Assocs., Inc. v. McGraw-Hill Global Educ. Holdings, LLC*, C.A. No. 1:12-cv-00668-WYD-DW (D. Colo. Mar. 16, 2012); *Lewine v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 3:12-cv-00535-RS (N.D. Cal. Feb. 2, 2012); *Bean v. John Wiley & Sons, Inc.*, C.A. No. 12-cv-08001-GMS (D. Ariz. Jan. 4, 2012); *Degginger v. John Wiley & Sons, Inc.*, C.A. No. 11-cv-06600-CDJ (E.D. Pa. Oct. 21, 2011); *DRK Photo v. John Wiley & Sons, Inc.*, C.A. No. 11-cv-08133-FJM (D. Ariz. Aug. 25, 2011); *Viesti Assocs., Inc. v. McGraw-Hill Cos., Inc.*, C.A. No. 11-cv-01237-REB-DW (D. Colo. May 9, 2011); *Frerck v. John Wiley & Sons, Inc.*, C.A. No. 11-cv-02727 (N.D. Ill. Apr. 25, 2011); *Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*, C.A. No. 12-cv-02061-MMB (E.D. Pa. Apr. 18, 2012); *DRK Photo v. McGraw-Hill Cos. Inc.*, C.A. No. 11-cv-08059-FJM (D. Ariz. Apr. 15, 2011); *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, C.A. No. 11-cv-01665-JKG (E.D. Pa. Mar. 8, 2011); *Bean v. John Wiley & Sons, Inc.*, C.A. No. 11-cv-08028-FJM (D. Ariz. Feb. 23, 2011); *Bean v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 3:2010-cv-08034-DGC (D. Ariz. Feb. 22, 2010); *Muench Photography, Inc. v. Houghton Mifflin*

*Harcourt Publ'g Co.*, C.A. No. 1:2009-cv-02669-LAP (S.D.N.Y. Mar. 23, 2009); *Alaska Stock LLC v. Houghton Mifflin Harcourt Publ'g Co.*, C.A. No. 3:2009-cv-00061-HRH (D. Alaska Mar. 3, 2009). Twenty-three of these cases are currently active.

12. Harmon and Seidman has also filed over 20 cases against Pearson. *See Steinmetz v. Pearson Educ., Inc.*, C.A. No. 13-cv-06537-LDD (E.D. Pa. Nov. 11, 2013); *Visuals Unlimited, Inc. v. Pearson Educ., Inc.*, C.A. No. 13-cv-05681-JHS (E.D. Pa. Sept. 28, 2013); *Muench Photography, Inc. v. Pearson Educ., Inc.*, C.A. No. 13-cv-03937-WHO (N.D. Cal. Aug. 23, 2012); *Bean v. Pearson Educ., Inc.*, C.A. No. 13-cv-08186-DGC (D. Ariz. July 12, 2013); *Brandenberg v. Pearson Educ., Inc.*, C.A. No. 13-cv-03319-FSH-MAH (D.N.J. May 23, 2013); *Ellis v. Pearson Educ., Inc.*, C.A. No. 13-cv-03320-FSH-MAH (D.N.J. May 23, 2013); *Lanting v. Pearson Educ., Inc.*, C.A. No. 13-cv-03318-FSH-MAH (D.N.J. May 23, 2013); *Nicklin v. Pearson Educ., Inc.*, C.A. No. 13-cv-03176-FSH-MAH (D.N.J. May 20, 2013); *Bavendam v. Pearson Educ., Inc.*, C.A. No. 13-cv-03096-FSH-MAH (D.N.J. May 15, 2013); *Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, C.A. No. 13-cv-00078-AB (E.D. Pa. Jan. 7, 2013); *Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*, C.A. No. 12-cv-09918 (N.D. Ill. Dec. 12, 2012); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, C.A. No. 12-cv-02250-PAB-DW (D. Colo. Aug. 23, 2013); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, C.A. No. 12-cv-01431-PAB-DW (D. Colo. June 1, 2012); *Stockfood Am., Inc. v. Pearson Educ., Inc.*, C.A. No. 12-cv-00124-JAW (D. Me. Apr. 13, 2012); *Minden Pictures, Inc. v. Pearson Educ., Inc.*, C.A. No. 11-cv-05385-WHA (N.D. Cal. Nov. 7, 2011); *Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, C.A. No. 11-cv-05122-AB (E.D. Pa. Aug. 10, 2011)*; Alaska Stock, LLC v. Pearson Educ., Inc.*, C.A. No. 3:11-cv-00162-TMB (D. Alaska Aug. 8, 2011); *Frerck v. Pearson Educ., Inc.*, C.A. No. 11-05319 (N.D. Ill. Aug. 5, 2011); *Clifton v. Pearson Educ., Inc.*, C.A. No. 11-cv-03640-EJD (N.D. Cal. July 25, 2011); *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, C.A. No. 11-cv-04649-

LDD (E.D. Pa. July 22, 2011); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, C.A. No. 11-cv-01687-PAB-DW (D. Colo. June 28, 2011); *DRK Photo v. Pearson Educ., Inc.*, C.A. No. 11-cv-08097-PGR (D. Ariz. June 27, 2011); *Bean v. Pearson Educ., Inc.*, C.A. No. 11-cv-08030-PGR (D. Ariz. Feb. 25, 2011); *Degginger v. Pearson Educ., Inc.*, C.A. No. 11-cv-01302-GP (E.D. Pa. Feb. 24, 2011). Fifteen of these cases are currently active.

13. Pearson has more than 200 pages of invoices arising out of the instant litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of December 2013.

_____
DAVID W. MARSTON, JR.