UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>PEARSON EDUCATION, INC.,<br><br>    Defendant. | Case No. 12-cv-01927-WHO<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re:  Dkt. No. 82 |

## BACKGROUND

On November 19, 2013, the Court granted defendant Pearson Education, Inc. ("Pearson") summary judgment on plaintiff Muench Photography, Inc.'s ("MPI") cause of action for copyright infringement.  Dkt. No. 77.  On December 2, 2013, the Court entered judgment for Pearson.  Dkt. No. 78.

On December 16, 2013, Pearson filed a motion for fees and costs.  Dkt. No. 81. Concurrently, Pearson filed an administrative motion to seal portions of its motion for fees and costs and the motion's accompanying exhibits.  Dkt. No. 82 ("Motion").  Pearson seeks to seal its counsel's invoices and billing rates as reflected in the Declaration of David W. Marston, Jr., and the Declaration of Richard Dannay.

## LEGAL STANDARD

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  But this right is not absolute.  To balance the competing interests of the public's right of inspection against litigants' need for confidentiality, a party seeking to file under seal matters related to dispositive motions must provide "compelling reasons" to do so;

1   similarly, a party seeking to file under seal matters related to non-dispositive motions must
2   provide "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th
3   Cir. 2006). Even under the laxer "good cause" standard, a party seeking to seal materials must
4   make a "particularized showing . . . with respect to any individual document" to justify its request.
5   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). Under that standard,
6   a party that only offers "tepid and general justifications" necessarily "fail[s] to demonstrate any
7   specific prejudice or harm." *See Kamakana*, 447 F.3d at 1186. "Broad allegations of harm,
8   unsubstantiated by specific examples or articulated reasoning," are insufficient. *Beckman Indus.,*
9   *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation
10  omitted).

## DISCUSSION

Because a motion for fees and costs is a non-dispositive motion, the Court applies the "good cause" standard.

As an initial matter, Pearson has not fully complied with Civil Local Rule 79-5, which governs the filing of documents under seal. Fundamentally, its attempt to indiscriminately seal *all* of its invoices does not comport with the Rule's requirements that sealing requests "must be narrowly tailored to seek sealing only of sealable material." CIVIL L. R. 79-5(b). It also failed to (1) provide an unredacted version of the documents that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," CIVIL L. R. 79-5(d)(1)(D); (2) properly mark its documents according to the rule, CIVIL L. R. 79-5(d)(1)(C) – (D); (3) provide courtesy copies in the required format, CIVIL L. R. 79-5(d)(2); or (4) provide a proposed order "which lists in table format each document or portion thereof that is sought to be sealed," CIVIL L. R. 79-5(d)(1)(B). The motion would be denied on these procedural grounds alone. But because the substance of the motion is also lacking, the Court will address those deficiencies.

Pearson seeks to seal its billing rates and invoices accompanying its motion for fees and costs. Pearson argues that "[d]isclosure of these confidential negotiated rates would harm Pearson and its attorneys by providing competitors with unfettered insight into the negotiated pricing

structures and billing strategies of Pearson and its attorneys, which competitors do not normally and should not have access to." Motion 3. Further, Pearson argues that "disclosure would reveal confidential aspects of Pearson's litigation strategy." Motion 4. "[I]f Pearson's invoices are not sealed, MPI's attorneys would be able to use those invoices in its other actions against Pearson . . . ." Motion 4. "Indeed, if the Court were to refuse to seal Pearson's fee information, this would likely deter future defendants from seeking fees contemplated by the Copyright Act . . . ." Motion 5.

Pearson has not shown "good cause" for sealing its counsel's billing rates and invoices. Pearson does not adequately explain why disclosure of Pearson's "negotiated billing structures" would prejudice it or how "competitors could imitate or exploit their knowledge of this sensitive information for their own financial gain and, accordingly, to the detriment of Pearson and its attorneys." Motion 3. Moreover, the Court is unclear how disclosure of mundane descriptions of typical attorney tasks, such as "[r]eview and revise documents and reports" or "confer with [attorney] re: same and collection and production of documents," even taken as a whole, reveals sensitive information or confidential litigation strategy. Pearson even attempts to seal the postage rates its counsel charges. While the fees for each attorney-client relationship and the tasks done for any given matter can be dissimilar, there is nothing in the materials presented to the Court that meets the "good cause" standard for sealing them, and Pearson has not made a particularized showing of any harm that may result by not doing so. The Court is also unpersuaded that denying this motion will have the dire effect of "deter[ring] future defendants from seeking fees contemplated by the Copyright Act," as Pearson claims.

While the Court recognizes that several other courts in this circuit have granted similar motions to seal, *see* Motion 3, the Court disagrees with their reasoning and is persuaded by Judge Koh's order in *Ferrington v. McAfee, Inc.*, No. 10-cv-1455-LHK, 2013 WL 3814474 (N.D. Cal. July 22, 2013) (denying administrative motion to seal motion for attorney's fees). Pearson has cited one case in this district in which a magistrate judge granted a motion to seal attorney invoices. *Belks Media v. OnlineNIC*, No. 09-cv-198-HRL, 2010 WL 7786122 (N.D. Cal. Aug. 23, 2010), report and recommendation adopted, No. 09-cv-198-SBA, 2011 WL 5038576 (N.D. Cal.

1 Oct. 24, 2011). However, because the issue was decided only in a footnote and the order did not explain its reasoning, the Court declines to follow it. Billing rates for legal services, even discounted ones, are not entitled to be sealed. Time entries on billing records may be redacted in rare instances, but they may not be sealed in a way that hides the amount of time or money spent on a particular task. Pearson is not allowed to petition the Court for fees but hide from the public the basis for its request.

## CONCLUSION

The Court DENIES the Motion to Seal. Because the Court has reviewed the billing records and Pearson is unlikely to be able to articulate a sufficient basis for sealing them, this denial is with prejudice. By December 20, 2013, assuming Pearson still wishes to seek fees and costs, Pearson shall file unredacted copies of the Declaration of David W. Marston, Jr., and the Declaration of Richard Dannay, and their accompanying exhibits. In this regard, the chambers copy of the exhibits included invoices that were partially redacted. Those redactions may remain, as they appear narrowly tailored and are unnecessary for resolution of the motion.

**IT IS SO ORDERED.**

Dated: December 18, 2013



WILLIAM H. ORRICK
United States District Judge

4