Sharon R. Smith (SBN 198547)
Andrew M. Purdy (SBN 261912)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     415.442.1000
Fax:     415.963.1001
E-mail: srsmith@morganlewis.com
           apurdy@morganlewis.com

David W. Marston Jr. (admitted *pro hac vice*)
Andrew C. Whitney (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com
           awhitney@morganlewis.com

Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail: adudash@morganlewis.com

**Attorneys for Defendant Pearson Education, Inc.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC., | Case No. 12-CV-01927-WHO |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES, EXPERT FEES AND COSTS** |
| vs. | |
| PEARSON EDUCATION, INC., | |
| Defendant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................. 1

II.    ARGUMENT .................................................................................................. 2

    A.     The Court Has Subject Matter Jurisdiction and Pearson Is Entitled to Recover Fees and Costs as the Prevailing Party ............................................ 2

        1.     The Court's Ruling on Statutory Standing Was Not Jurisdictional ........... 2

        2.     Pearson is the Prevailing Party ..................................................... 6

    B.     MPI's Pursuit of Copyright Infringement Claims Knowing It Had   Not Satisfied Statutory Prerequisites Was Objectively Unreasonable ........................... 7

        1.     MPI's Decision to Pursue Claims Based on Registrations It Knew Had Been Ruled Invalid – and Withhold this Information from the Court and Pearson –Was Objectively Unreasonable ................................. 7

        2.     Throughout the Litigation, MPI Ignored Deadlines, Attempted to Prolong Litigation and Unnecessarily Increased Pearson's Expenses with Unnecessary Motion Practice........................................... 9

        3.     MPI's Standing Arguments, Its Discovery Conduct, and Its Attempts to Survive Summary Judgment Were Objectively Unreasonable .................................................................. 9

    C.     Awarding Fees and Costs to Pearson Would Further the Purposes of the Copyright Act and Deter Future Improper Conduct .............................. 11

    D.     Pearson's Attorneys Fees and Costs Are Reasonable ........................... 13

III.   CONCLUSION .............................................................................................. 15

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

CASES

4
*Alexander v. Franklin Res., Inc.,*
   No. 06-cv-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007)............................................7

5

6
*Arbaugh v. Y & H Corp.,*
   546 U.S. 500 (2006) ..................................................................................................................4, 5

7
*Baker v. Urban Outfitters, Inc.,*
   431 F. Supp. 2d 351 (S.D.N.Y. 2006) ......................................................................................6
8

9
*Bassett v. Mashantucket Pequot Tribe,*
   204 F.3d 343 (2d Cir. 2000) ....................................................................................................2

10

11
*Bilyeu v. Morgan Stanley Long Term Disability Plan,*
   683 F.3d 1083 (9th Cir. 2012) ................................................................................................3

12
*Blanchard 1986, Ltd. v. Park Plantation, LLC,*
   553 F.3d 405 (5th Cir. 2008) ..................................................................................................3
13

14
*Cadkin v. Bluestone,*
   290 F. App'x 58 (9th Cir. 2008) ............................................................................................11

15

16
*Cadkin v. Loose,*
   569 F.3d 1142 (9th Cir. 2009) ................................................................................................6

17
*CGM, LLC v. BellSouth Telecomm., Inc.,*
   664 F.3d 46 (4th Cir. 2011) ....................................................................................................3
18

19
*Chivalry Film Prods. v. NBC Universal, Inc.,*
   No. 05-cv-5627 (GEL), 2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) ..............................12

20

21
*Ctr. for Bio. Diversity v. U.S. Bureau of Land Mgmt.,*
   No. 06-4884, 2012 WL 273604 (N.D. Cal. Jan. 30, 2012) ....................................................15

22
*Day v. AT & T Disability Income Plan,*
   698 F.3d 1091 (9th Cir. 2012) ................................................................................................4
23

24
*Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.,*
   499 U.S. 340 (1991) ................................................................................................................10

25

26
*Fogerty v. Fantasy, Inc.,*
   510 U.S. 517 (1994) ................................................................................................................11, 13

27
*Gauchat-Hargis v. Forest River, Inc.,*
   No. 11-cv-02737, 2013 WL 4828594 (E.D. Cal. Sept. 9, 2013)............................................15
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,    ii                 12-CV-01927-WHO
COSTS, AND EXPERT FEES

*Gelb v. Royal Globe Ins. Co.*,
798 F.2d 38 (2d Cir. 1986)...................................................................................... 7

*Goldberg v. Cameron*,
No. C-05-03534, 2011 WL 3515899 (N.D. Cal. Aug. 11, 2011) ........................... 11

*Graden v. Conexant Sys. Inc.*,
496 F.3d 291 (3d Cir. 2007)..................................................................................... 3

*Hudson v. Universal Studios, Inc.*,
No. 04-Civ-6997 (GEL), 2009 WL 536564 (S.D.N.Y. Mar. 4, 2009)................... 12

*HyperQuest, Inc. v. N'Site Solutions, Inc.*,
632 F.3d 377 (7th Cir. 2011)............................................................................. 2, 5

*In re Century Aluminum Co. Secs. Litig.*,
729 F.3d 1104 (9th Cir. 2013).................................................................................. 3

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
822 F. Supp. 2d 953 (N.D. Cal. 2011) ..................................................................... 5

*Jewel v. Nat'l Sec. Agency*,
673 F.3d 902 (9th Cir. 2011)..................................................................................... 3

*Katz v. Pershing, LLC*,
672 F.3d 64 (1st Cir. 2012) ....................................................................................... 3

*Leeson v. Transam. Disability Income Plan*,
671 F.3d 969 (9th Cir. 2012)........................................................................ 3, 4, 5, 6

*Lexar Homes, Inc. v. Port*,
No. CV-12-416-JLQ, 2013 WL 6498293 (E.D. Wash. Dec. 11, 2013)............. 6, 13

*Lummus Co. v. Commonwealth Oil Ref. Co.*,
297 F.2d 80 (2d Cir. 1961)....................................................................................... 7

*Mendez v. Cnty. of San Bernardino*,
540 F.3d 1109 (9th Cir. 2008)................................................................................ 15

*Miller v. Redwood Toxicology Lab., Inc.*,
688 F.3d 928 (8th Cir. 2012)..................................................................................... 3

*MiTek Holdings, Inc. v. Arce Eng'g Co.*,
198 F.3d 840 (11th Cir. 1999)................................................................................ 12

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008)................................................................................ 14

*Mostly Memories, Inc. v. For Your Ease Only, Inc.*,
594 F. Supp. 2d 931 (N.D. Ill. 2009) ..................................................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPERT FEES

iii

12-CV-01927-WHO

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
    No. 12-01927-WHO, 2013 WL 6185200 (N.D. Cal. Nov. 19, 2013) ................................... 11

*Reed Elsevier Inc. v. Muchnick*,
    559 U.S. 154 (2010) .......................................................................................................... 4, 6

*Righthaven LLC v. DiBiase*,
    No. 10-CV-01343-RLH, 2011 WL 5101938 (D. Nev. Oct. 26, 2011) ................................... 5

*Righthaven LLC v. Hoehn*,
    716 F.3d 1166 (9th Cir. 2013) .......................................................................................... 4, 5

*Roberts v. Hamer*,
    655 F.3d 578 (6th Cir. 2011) ............................................................................................... 3

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ............................................................................................................... 3

*Sullivan v. DB Invs, Inc.*,
    667 F.3d 273 (3d Cir. 2011) ................................................................................................ 3

*Sunstone Behavioral Health, Inc. v. Alameda County Med. Ctr.*,
    646 F. Supp. 2d 1206 (E.D. Cal. Aug. 20, 2009) .............................................................. 15

*Tavory v. NTP, Inc.*,
    297 F. App'x 986 (Fed. Cir. 2008) ................................................................................... 6, 7

*Torres-Negrón v. J&N Records, LLC*,
    504 F.3d 151 (1st Cir. 2007) ............................................................................................... 6

*United States v. Int'l Bhd. of Teamsters*,
    905 F.2d 610 (2d Cir. 1990) ............................................................................................... 7

*Vaughn v. Bay Envtl. Mgmt., Inc.*,
    567 F.3d 1021 (9th Cir. 2009) ............................................................................................ 5

**STATUTES**

17 U.S.C. § 411(a) .................................................................................................................. 1, 7

17 U.S.C. § 501(b) ......................................................................................................... 1, 2, 4, 5

17 U.S.C. § 505 ................................................................................................................ 1, 13, 15

28 U.S.C. § 1331 ....................................................................................................................... 4

28 U.S.C. § 1338 ....................................................................................................................... 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(c) ................................................................................................................ 8

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPERT FEES

iv

12-CV-01927-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Civ. P. 12(d) ................................................................................................ 8

Fed. R. Civ. P. 11 .................................................................................................... 8

Fed. R. Civ. P. 12(b) ................................................................................................ 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                    v                    12-CV-01927-WHO
COSTS, AND EXPERT FEES

# I.      INTRODUCTION

Defendant Pearson Education Inc. ("Pearson") seeks to recover the attorneys' fees, expert fees and costs it incurred as the prevailing party in this action pursuant to 17 U.S.C. § 505.  In its Opposition to Pearson's motion, Plaintiff Muench Photography, Inc. ("MPI") incorrectly asserts that the Court cannot award fees and costs to Pearson because it "lacks the power to grant Pearson's motion."  The Court's ruling that MPI lacked statutory standing under the Copyright Act does not deprive the Court of subject matter jurisdiction over the case or this motion.  Numerous courts in the Ninth Circuit and other circuits have held that, unlike Article III Constitutional standing, statutory standing is not jurisdictional.  Indeed, applying the proper Ninth Circuit jurisdictional analysis to 17 U.S.C. § 501(b) confirms that it is not jurisdictional.

With respect to the merits of Pearson's motion, MPI tries to make excuses for its objectively unreasonable conduct in the litigation.  For example, MPI argues that the validity of the compilation registrations presented a "novel question."  It is undisputed, however, that MPI filed this action less than a month after Judge Preska held – ***for the third time*** – that the compilation registrations at issue here did not validly register the copyrights as required by 17 U.S.C. § 411(a).  On the issue of standing, MPI submits new evidence in an attempt to reargue the very issue the Court resolved in Pearson's favor more than two months ago.  Although clearly responsive to Pearson's document requests, these documents were not produced in discovery or as part of the summary judgment record.  Their submission at this stage is both improper and emblematic of MPI's objectively unreasonable conduct over the course of 18 months of litigation.

MPI's main contention appears to be that it is immune from the Copyright Act's attorneys' fees provision because it is a small company and Pearson is large one.  MPI's size and financial resources, however, should not impact Pearson's ability to recover fees and costs as the prevailing party.  Indeed, one reason MPI may have filed this action in its corporate capacity is to try and insulate the Muenchs from any personal liability for the very award Pearson seeks.  MPI should not be permitted to exploit the Copyright Act by seeking more than $40 million in statutory damages where it lacks both standing and valid copyright registrations and then avoid the Act's attorneys' fees provision when those defects are exposed.

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,              1                    12-CV-01927-WHO
COSTS, AND EXPERT FEES

Although MPI requested (and received) an extension of time to file its Opposition in part so it could "engage an expert to support its opposition," Dkt. 83 at 2:3, MPI did not present any expert opinion on this issue and devoted less than two pages of its 25-page Opposition to the reasonableness of Pearson's fees and costs. The few challenges MPI makes on reasonableness grounds are easily addressed. Accordingly, it is respectfully requested that the Court award Pearson the fees and costs it incurred in defending against MPI's claims.

## II.   ARGUMENT

### A.   The Court Has Subject Matter Jurisdiction and Pearson Is Entitled to Recover Fees and Costs as the Prevailing Party

MPI incorrectly asserts that (1) the Court cannot award fees and costs to Pearson as the prevailing party because it "lacks the power to grant Pearson's motion," and (2) Pearson is not a "prevailing party." *See* Dkt. No. 96 at 12-15. MPI is wrong on both counts.

#### 1.   The Court's Ruling on Statutory Standing Was Not Jurisdictional

The Court's ruling that MPI lacked statutory standing under the Copyright Act is not jurisdictional and does not deprive the Court of the power to award fees and costs to Pearson as the prevailing party. MPI asserted copyright claims and sought copyright remedies and that provides the basis for the Court's subject matter jurisdiction. *Cf. Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 355 (2d Cir. 2000) ("When a complaint alleges a claim or seeks a remedy provided by the Copyright Act, federal jurisdiction is properly invoked.").[1] Neither the Court nor Pearson has ever questioned MPI's Article III standing. Instead of engaging in an analysis of whether Section 501(b)'s requirements are jurisdictional, MPI simply incorrectly *assumes* that that the requirements of Section 501(b) are "consistent" with Article III's standing requirements. *See* Dkt. No. 96 at 13. In doing so, MPI conflates the separate requirements for Article III standing and the non-jurisdictional statutory requirements set forth in the Copyright Act.[2] *See,*

---

[1]   Unless otherwise stated, all internal citations have been omitted and all emphasis is added.
[2]   Article III's injury in fact requirement for Constitutional standing is plainly far broader than the Copyright Act's statutory standing requirements. *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381 (7th Cir. 2011) ("Many parties who have not crossed the 'T's' and dotted the 'i's' in their copyright licenses would have no trouble demonstrating injury in fact, causation, and redressability—the three indispensable requirements for constitutional standing, but their efforts to sue will nonetheless be thwarted by the statutory requirement.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,          2          12-CV-01927-WHO
COSTS, AND EXPERT FEES

1  *e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998) ("The latter question is an

2  issue of statutory standing.  It has nothing to do with whether there is case or controversy under

3  Article III."); *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 294-95 (3d Cir. 2007) ("Though all are

4  termed 'standing,' the differences between statutory, constitutional, and prudential standing are

5  important. . . .  Statutory standing is simply statutory interpretation . . . whether Congress has

6  accorded *this* injured plaintiff the right to sue the defendant.").

7       As the Ninth Circuit has recognized, because "federal courts have broad adjudicatory

8  authority over 'all civil actions arising under the Constitution, laws, or treaties of the United

9  States[,]' . . . jurisdictional dismissals in actions predicated on federal questions are

10  'exceptional.'"  *Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 974-75 (9th Cir.

11  2012).  As a general principle, under well-established Ninth Circuit precedent, statutory standing

12  is a merits determination and is ***not*** jurisdictional.  *See In re Century Aluminum Co. Secs. Litig.*,

13  729 F.3d 1104, 1109 (9th Cir. 2013) ("[F]ailure to allege ***statutory standing results in failure to***

14  ***state a claim on which relief can be granted, not the absence of subject matter jurisdiction***.");

15  *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n.4 (9th Cir. 2011) ("***Statutory 'standing, unlike***

16  ***constitutional standing, is not jurisdictional.'***" (quoting *Noel v. Hall*, 568 F.3d 743, 748 (9th Cir.

17  2009)); *cf. Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1090 (9th Cir.

18  2012).[3]

19       The Supreme Court has established a bright line rule:  unless the statute "clearly states that

20  a threshold limitation on a statute's scope shall count as jurisdictional . . . courts should treat the

21

22  _____
[3]       Numerous other circuits have similarly held that statutory standing is not jurisdictional.

23  *See, e.g.*, *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012)
("[S]tatutory standing goes to the merits of the claim . . . [it] has nothing to do with whether there

24  is case or controversy under Article III and we are careful not to conflate the two."); *CGM, LLC
v. BellSouth Telecomm., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (same); *Katz v. Pershing, LLC*, 672

25  F.3d 64, 75 (1st Cir. 2012) ("[I]f [Article III standing] is lacking, a federal court has no subject
matter jurisdiction over the claim. . . .  By contrast, statutory standing goes to the merits of the

26  claim."); *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011) ("Where a plaintiff lacks statutory
standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be

27  granted, not for lack of subject-matter jurisdiction."); *Sullivan v. DB Invs, Inc.*, 667 F.3d 273, 307
(3d Cir. 2011) (same); *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir.

28  2008) (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                    3                    12-CV-01927-WHO
COSTS, AND EXPERT FEES

1    restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16

2    (2006).  As recognized by the Ninth Circuit, the Supreme Court in *Reed Elsevier v. Muchnick*

3    enumerated three factors to analyze whether a statutory requirement is jurisdictional:  (1) whether

4    the provision is "clearly labeled jurisdictional;" (2) whether the provision is "located in a

5    jurisdiction-granting provision;" and (3) whether other reasons "necessitate[] that the provision be

6    construed as jurisdictional."  *Leeson*, 671 F.3d at 976-77 (quotation marks omitted); *see also Reed*

7    *Elsevier Inc. v. Muchnick*, 559 U.S. 154, 163-66 (2010).  In this case, the factors dictate that the

8    statutory standing requirements of § 501(b) are not jurisdictional.  First, Section 501(b) "does not

9    speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."  *See*

10   *Leeson*, 671 F.3d at 978; *see also Day v. AT & T Disability Income Plan*, 698 F.3d 1091, 1100

11   (9th Cir. 2012) (holding that the ADEA's age requirement "does not affect this court's subject

12   matter jurisdiction" because it "appears in a separate provision that does not speak in

13   jurisdictional terms").  Second, the *Reed Elsevier* Court explained that a federal court's subject

14   matter jurisdiction over copyright claims is based on 28 U.S.C. §§ 1331 and 1338.  559 U.S. at

15   164-65.  Neither Section 1331 nor Section 1338 conditions its jurisdictional grant based on

16   Section 501(b)'s requirements.  *See id.*; 17 U.S.C. § 501(b).  Third, there is no other reason for

17   construing Section 501(b)'s requirements as jurisdictional.  *See Leeson*, 671 F.3d at 978.  "To

18   conclude otherwise would contravene clearly established precedent."  *Id.* at 975 & 978 (citing

19   *Bell v. Hood*, 327 U.S. 678, 685 (1946)).  Thus, as the Ninth Circuit explained regarding the

20   definition of "participant" under ERISA, Section 501(b) of the Copyright Act "serves to identify

21   those plaintiffs who may be entitled to relief, not to limit the authority of federal courts to

22   adjudicate claims under [the Copyright Act]."  *Leeson*, 671 F.3d at 978.

23       MPI concedes that "[s]ome courts in the Ninth Circuit have awarded fees in a copyright

24   case after finding that the plaintiff lacks standing."  Dkt. No. 96 at 14:4-5.  Nevertheless, MPI

25   argues that this Court does not have the power to do so based in part on a portion of the Ninth

26   Circuit's ruling in *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013).  In

27   *Righthaven*, after the Ninth Circuit held that plaintiff was not the owner of any exclusive rights

28   under the Copyright Act, the court stated that once the district court granted defendant's Rule

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                    4                          12-CV-01927-WHO
COSTS, AND EXPERT FEES

12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the ground that *Righthaven* lacked standing, it did not have subject matter jurisdiction over the suit to adjudicate the fair use defense on a subsequent motion for summary judgment. *Id.* at 1172-73. *Righthaven* is distinguishable because the Ninth Circuit was not addressing whether a district court could award attorneys' fees following a ruling at summary judgment that plaintiff failed to prove copyright ownership. *See id.* Indeed, both district courts in the two consolidated *Righthaven* cases awarded fees and costs to the defendant following the dismissal. *Righthaven LLC v. DiBiase*, No. 10-CV-01343-RLH, 2011 WL 5101938, at *1 (D. Nev. Oct. 26, 2011); Supplemental Decl. of D. Marston ("Marston Supp. Decl."), ¶ 2, Ex. 13.

Moreover, the *Righthaven* Court did not analyze whether dismissal for lack of subject matter jurisdiction was proper or, more importantly, whether the requirements of 17 U.S.C. § 501(b) were jurisdictional. *See* 716 F.3d at 1172-73; *cf. Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009) (noting that "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction"); *HyperQuest*, 632 F.3d at 381 (same). On the issue of subject matter jurisdiction, the Ninth Circuit's decision "lacks precedential force" because of its "cursory analysis" of the jurisdictional issue. *See Leeson*, 671 F.3d at 978-79 ("Applying the approach set forth in *Arbaugh*, however, we conclude that these cases failed to adequately consider the 'critical difference[s] between true jurisdictional conditions and nonjurisdictional limitations on causes of action[.]'"); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, 822 F. Supp. 2d 953, 959 (N.D. Cal. 2011) ("Although the Court does not lightly disregard the Ninth Circuit's decision in *LSL Biotechnologies*, that decision cannot withstand *Arbaugh*."). This Court is therefore not bound by that portion of *Righthaven*. *See Leeson*, 671 F.3d at 978-79.

Based on the foregoing analysis, MPI's failure to satisfy the requirements of Section 501(b) of the Copyright Act did not deprive the Court of subject matter jurisdiction because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                    5                    12-CV-01927-WHO
COSTS, AND EXPERT FEES

1   whether MPI satisfies those requirements "is a substantive element of [its] claim, not a

2   prerequisite for subject matter jurisdiction." *See id.* at 971.[4]

3                    **2.    Pearson is the Prevailing Party**

4          MPI's argument that Pearson is not the prevailing party because the invalid copyright

5   registrations were a "technical defense," is both illogical and based entirely on an abrogated First

6   Circuit case which is not good law.  *See* Dkt. No. 96 at 15:18-16:6 (citing *Torres-Negrón v. J&N*

7   *Records, LLC*, 504 F.3d 151, 164-65 (1st Cir. 2007) *abrogated by Reed Elsevier*, 559 U.S. at 163-

8   66).  Pearson is the prevailing party because the legal relationship between the parties changed as

9   MPI cannot reassert its claims against Pearson.  *See Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th

10  Cir. 2009) ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is

11  judicially precluded from refiling the claim against the defendant in federal court.").  As an initial

12  matter, as discussed above, the Supreme Court has held that the registration requirement is non-

13  jurisdictional.  *Reed Elsevier*, 559 U.S. at 163-66.  Thus, MPI's reliance on *Torres-Negrón* is

14  wholly improper.[5]  Indeed, as the Federal Circuit has recognized, by determining that the

15  registrations are invalid as to the photographs at issue, this decision "materially alters the legal

16  relationship of the parties" because finding the registrations invalid "preclude[s] [MPI] from ever

17  asserting it against [Pearson], or indeed any other party, in the future."  *Tavory*, 297 F. App'x at

18  989-90.  Thus, MPI cannot refile these claims again Pearson because MPI did not satisfy Section

19  _____

20  [4]      Based on MPI's theory that statutory standing is jurisdictional, plaintiffs, such as MPI,
    could plead copyright ownership and allow a case to go on for years (or 18 months) and be
21  immune from the Copyright Act's fee and costs because, under this theory, the court *never* had
    subject matter jurisdiction.  This would create a significant loophole that would benefit plaintiffs
22  who never should have brought copyright infringement claims and would incentivize improper
    conduct.  This would be directly contradictory to the purposes of the Copyright Act.  *See Lexar*
23  *Homes, Inc. v. Port*, No. CV-12-416-JLQ, 2013 WL 6498293, at *6 (E.D. Wash. Dec. 11, 2013);
    *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006).
24  [5]      In *Torres-Negrón*, the First Circuit ruled that the defendant was not a prevailing party
25  because a ruling that the copyright registrations were improper "implicat[ed] the subject matter
    jurisdiction of the court."  504 F. 3d 151, 164-65 (1st Cir. 2007).  Contrary to MPI's illogical
26  assertion that *Reed Elsevier* made *Torres-Negrón* "even more convincing," *see* Dkt. No. 96 at
    16:7-13, when the Supreme Court held that registration was not jurisdictional it abrogated *Torres-*
27  *Negrón*.  *Reed Elsevier*, 559 U.S. 163-66; *cf. Tavory v. NTP, Inc.*, 297 F. App'x 986, 990 n.3
    (Fed. Cir. 2008).  Despite MPI contortion of the law, none of the other cases it cites hold that a
28  defendant is not a "prevailing party" if a court finds that copyright registrations are invalid.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                6                12-CV-01927-WHO
COSTS, AND EXPERT FEES

1  501(b)'s requirements, and, independently, the registrations are not valid as to the photographs at

2  issue.  Pearson is therefore the prevailing party under the Copyright Act based on two distinct

3  grounds: MPI's lack of statutory standing and the invalid registrations.

      **B.**    **MPI's Pursuit of Copyright Infringement Claims Knowing It Had**
               **Not Satisfied Statutory Prerequisites Was Objectively Unreasonable**

              **1.**    **MPI's Decision to Pursue Claims Based on Registrations It Knew Had**
                       **Been Ruled Invalid – and Withhold this Information from the Court**
                       **and Pearson –Was Objectively Unreasonable**

        It is undisputed that MPI filed this lawsuit less than a month after Judge Preska held – ***for***

***the third time*** – that the Corbis compilation registrations did not validly register the photographs

as required by 17 U.S.C. § 411(a).  *See* Dkt. No. 81 at 14:24-15:6.  Unbeknownst to Pearson or

the Court – because MPI did not include registration numbers in its complaint – the copyright

infringement claims MPI asserted in this action were based on these same invalid registrations.

In its Opposition, MPI argues that its reliance on invalid registrations was objectively reasonable

because "the validity of the compilation registrations in question presents a novel question." Dkt.

No. 96 at 23:15-17.  MPI's argument fails for several reasons.

        First, *the specific registrations* in question had already been (repeatedly) found to be

invalid as to MPI by a federal court.  *See* Dkt. No. 81 at 14:24-15:6.  MPI, unhappy with that

ruling, changed venues to this District and used the same registrations to assert claims against

Pearson.  *See Tavory*, 297 F. App'x at 990.  Such forum shopping is highly improper.  *See*

*Alexander v. Franklin Res., Inc.*, No. 06-cv-7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14,

2007) ("One could reasonably infer forum shopping here, where the same plaintiff represented by

the same law firm filed a similar lawsuit in New Jersey, and after receiving unfavorable rulings

from that court, filed the instant case.").  If MPI wanted to challenge Judge Preska's rulings, it

should have appealed them, not switched forums and then ignored them.[6]

---

[6]    MPI did not attempt to appeal the Judge Preska's rulings on the registrations until
September 20, 2013 – more than three years after the original decision.  *See* Dkt. No. 68-8.
Moreover, MPI's assertion in its Opposition that it was reasonable for it to contend that Judge
Preska's rulings were not "sufficiently final" for purposes of collateral estoppel under Second
Circuit precedent because her ruling were not immediately appealable is incorrect.  *See* Dkt. No.
96 at 24:15-25:2. Second Circuit precedent holds that "'[f]inality' in the context [of issue

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,       7               12-CV-01927-WHO
COSTS, AND EXPERT FEES

1        Second, MPI exacerbated its improper conduct by withholding the registration

2   information from the Court and Pearson at the outset of the litigation, thereby preventing the

3   registration issues from being resolved at the earliest stage.  In its Opposition, MPI does not

4   explain why registration information was included in its complaint in an earlier lawsuit against

5   Houghton Mifflin, but omitted from its pleading in this case.  *See* Dkt. No. 81 at 15:17-26.  Given

6   that the two pleadings are otherwise quite similar, this appears to be a deliberate omission.  MPI

7   also does not explain how its allegation in this case that the copyrights were registered could have

8   complied with Rule 11 in light of Judge Preska's previous rulings.  *See* Dkt. No. 1, ¶ 8.

9        Third, MPI's claim that "it did not withhold Corbis registration numbers" and "voluntarily

10  provided Pearson the registration number in [sic] very early in the case," is patently false.  *See*

11  Dkt. No. 96 at 27:12-17.  In fact, the registration information was first provided to Pearson on

12  October 2, 2012 in response to Pearson's document requests propounded on August 30, 2012.

13  Dkt. No. 62-23, ¶ 5; Marston Supp. Decl., ¶ 3, Ex. 14.  Thus, MPI did not "voluntarily" produce

14  this information "very early in the case."  The information was provided ***six months*** after MPI

15  filed its Complaint in response to Pearson's discovery request.[7]

16       Finally, MPI tried to ensure Pearson would not move to dismiss the Complaint by

17  threatening Rule 11 sanctions.  Dkt. No. 93, ¶ 5.  In its Opposition, MPI does not deny that its

18  counsel threatened Rule 11 sanctions.  Instead, MPI carefully asserts that its counsel "does ***not***

19  ***recall*** any threat that MPI would move for Rule 11 sanctions" while acknowledging that its

20  counsel mentioned the potential applicability of Rule 11 in its conversations with Pearson's

21  counsel.  *See* Dkt. No. 96 at 26:16-23; Dkt. No. 96-1, ¶ 14.  Additionally, MPI does not explain

22

23  preclusion] may mean little more than that the litigation of a particular issue has reached such a
    stage that a court sees no really good reason for permitting it to be litigated again."  *Lummus Co.*

24  *v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961).  The case on which MPI relies,
    *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38 (2d Cir. 1986), is inapposite because the "court refused

25  to preclude relitigation of an issue on which plaintiff earlier had been denied effective appellate
    review." *United States v. Int'l Bhd. of Teamsters*, 905 F.2d 610, 621 (2d Cir. 1990).

26  [7]  MPI's assertion that Pearson could have "brought a Rule 12(c) motion at that time" is
    incorrect because MPI did not include any registration information in its pleadings, only produced

27  this information during discovery.  *See* Fed. R. Civ. P. 12(c) & (d).  Of course, MPI's argument
    also implies that Pearson should have been immediately aware that MPI improperly brought

28  claims based on invalid registrations and made false allegations in its Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,        8               12-CV-01927-WHO
COSTS, AND EXPERT FEES

1   why it failed to identify the validity of the copyright registrations in its statement of "Principal

2   Legal Issues in Dispute" in the Joint Case Management Statement.

3        All of MPI's actions directly contradict the assertion in its Opposition that it made a "good

4   faith decision to litigate . . . undecided issues of law." Dkt. No. 96 at 24:2-4. To the contrary,

5   MPI improperly forum shopped, filed nearly five hundred claims relying on copyright

6   registrations previously found invalid, and then prevented this issue from being litigated at the

7   outset of the case by withholding information and making false allegations about registration.

8       **2.**    **Throughout the Litigation, MPI Ignored Deadlines, Attempted to Prolong Litigation and Unnecessarily Increased Pearson's Expenses with Unnecessary Motion Practice**

9

10        As more fully discussed in Pearson's Motion for Fees, MPI's conduct throughout the

11   course of this litigation was objectively unreasonable. *See* Dkt. No. 81 at 18:1-20:2. In its

12   Opposition, MPI glosses over the fact that MPI forced Pearson to move to retain confidentiality,[8]

13   sought to belatedly amend the complaint, and tried to serve a third party subpoena months after

14   discovery closed. All of these actions occurred while MPI was fully aware that the copyright

15   registrations on which it relied were invalid.

16       **3.**    **MPI's Standing Arguments, Its Discovery Conduct, and Its Attempts to Survive Summary Judgment Were Objectively Unreasonable**

17

18        Although MPI failed to produce any evidence that it was the owner of the copyrights at

19   issue in discovery, it did produce evidence that it was <u>not</u> the copyright owner. *See* Dkt. No. 77 at

20   10:27-13:11. MPI admits that the Muenchs "as small business owners and non-lawyers" may not

21   have been "clear at times about whether they or MPI owned the copyrights" at issue. Dkt. No. 96

22   at 22:5-9. MPI's failure to determine whether it owned the copyrights at issue prior to asserting

23   copyright infringement claims is inexcusable and warrants awarding fees and costs. *See* Dkt. No.

---

8    MPI asserts that its challenge to the confidentiality of Pearson's print quantity information
was not improper and that MPI has not "improperly disclosed any of Pearson's print quantity and
distribution information." Dkt. No. 96 at 29:14-17. Yet, a recent deposition transcript from a
different case reveals MPI's ulterior motives for challenging the confidentiality of Pearson's
information. During a Rule 30(b)(6) deposition of one of Pearson's direct competitors, John
Wiley & Sons, Inc. ("Wiley"), MPI's counsel gave the witness Pearson's print run information
which H&S had previously convinced a court should not be confidential. Wiley's witness had
not seen the reports before and stated he could "use this information against [Pearson]
immediately." Marston Supp. Decl., ¶ 4, Ex. 15 at 13:19-24.

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,        9               12-CV-01927-WHO
COSTS, AND EXPERT FEES

81 at 14:9-20 (citing cases).[9]  Strangely, MPI attaches numerous documents to its Opposition to support the ownership claim that it lost on summary judgment.  MPI failed to produce these documents during discovery even though they are directly responsive to Pearson's discovery requests.  The documents were also not provided in connection with summary judgment briefing.  Accordingly, MPI should not be permitted to rely on the documents at this stage.[10]

In its Opposition, MPI inexplicably blames *Pearson* for MPI's failure to prove it that it had statutory standing "because Pearson did not squarely raise any issue about MPI's standing until it filed its motion for summary judgment, and MPI as a result had little time to respond." Dkt. No. 96 at 22:2-5.  First, it is undisputed that *MPI* had the burden to prove ownership of a valid copyright, which is a basic element of a copyright infringement claim.  *See, e.g.*, *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991) (noting that ownership is one of two elements a plaintiff needs to prove infringement).  Thus, Pearson had no obligation to "raise any issue" prior to moving for summary judgment.  Second, MPI's assertion is plainly false.  As Pearson explained in its Motion, Pearson affirmatively raised standing as an issue in its Answer and Affirmative Defenses on June 5, 2012.  *See* Dkt. No. 81 at 13:12-17.  Despite MPI's claim that Pearson "did not make any targeted inquiries about MPI's claim of ownership" and "pursued a strategy of purported ignorance," Dkt. No. 96 at 10:22-25, Pearson specifically requested

---

[9]   Although MPI asserts that courts have "excused technical errors of this kind," Dkt. No. 96 at 22 & n.63, the cases MPI cites are inapposite as they pertain to technical errors relating to listing a copyright owner on a registration certificate, not a party being unsure if it owned the copyrights and unable to prove ownership.  *See id.*

[10]   It is telling that Marc Muench "came across an Employment Agreement with MPI" on January 9, 2014 nearly 20 months after MPI initiated the case.  Dkt. No. 96-13, ¶ 10.  In fact, that document proves that the Muenchs' declarations in support of (and MPI's arguments in) its Opposition to Pearson's Summary Judgment Motion were **false** because Marc Muench was the "sole and exclusive owner" of his photographs and the document expressly states that they are not works made for hire.  *Compare* Dkt. No. 66-1, ¶ 3 ("When the photographic images identified in the Complaint . . . were created by my father and me, we were employees of Muench Photography, working within the scope of our employment."), *with* Dkt. No. 96-14 at 5, ¶ 3.1 ("Employee shall be the sole and exclusive owner of all transparencies produced by Employee during his employment . . . .  Notwithstanding any presumption to the contrary in applicable copyright law, (a) such Transparencies shall be conclusively deemed <u>not</u> to be 'works made for hire[.]'").  Notwithstanding the purported grant of an exclusive license to MPI, *see* Dkt. No. 96-14, at 5, ¶ 3.3, Marc Muench had already hired Corbis to license his photographs and Corbis, not MPI, licensed the photographs at issue to Pearson.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                    10                    12-CV-01927-WHO
COSTS, AND EXPERT FEES

1   documents related to MPI's standing to assert the claims on August 30, 2012.  Dkt. No. 62-23, ¶¶

2   7 & 20.  Moreover, on August 15, 2012, MPI itself acknowledged that ownership of the

3   copyrights was a principal legal issue in dispute in the Joint Case Management Statement.

4       MPI concedes that its arguments on standing in opposition to summary judgment and its

5   filing of the Rule 17 notice were attempts to make a "strategic move to articulate theories of

6   ownership that might succeed and save [its] case from dismissal."  Dkt. No. 96 at 23:1-9.  This

7   strategy is improper at the summary judgment stage where MPI is required to set forth actual

8   evidence.  MPI's improper attempts to create an issue of fact regarding standing, despite failing to

9   produce relevant evidence during discovery, is inexcusable and justifies an award of fees and

10  costs in favor of Pearson.  *See Cadkin v. Bluestone*, 290 F. App'x 58, 59 (9th Cir. 2008).

### C.   Awarding Fees and Costs to Pearson Would Further the Purposes of the Copyright Act and Deter Future Improper Conduct

13      Throughout this litigation, Pearson has "advanc[ed] a variety of meritorious copyright

14  defenses."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).  Thus, "an attorneys' fee award

15  for [Pearson] furthers the purpose of the copyright act because it encourages defendants to litigate

16  meritorious defenses."  *Goldberg v. Cameron*, No. C-05-03534, 2011 WL 3515899, at *6 (N.D.

17  Cal. Aug. 11, 2011).  Additionally, fees and costs are appropriate here to deter potential plaintiffs

18  from attempting to exploit the Copyright Act's statutory damages provision by relying on, and

19  concealing, invalid copyright registrations.  Indeed, at summary judgment, Pearson advanced

20  additional defenses to MPI's copyright infringement claim that the Court did not reach because of

21  MPI's failure to satisfy the basic prerequisites to bringing suit under the Copyright Act.  *Muench*

22  *Photography, Inc. v. Pearson Educ., Inc.*, No. 12-01927-WHO, 2013 WL 6185200, at *8 n.6

23  (N.D. Cal. Nov. 19, 2013).  Thus, MPI cannot now escape the consequences of its decision to

24  ignore the prerequisites of the Copyright Act, by arguing that the fundamental registration and

25  standing requirements of the Copyright Act are nothing but "mere formalities."  Those statutory

26  prerequisites are intended to prevent precisely what occurred in this case.

27      An award of fees and costs is particularly appropriate given MPI's improper motives for

28  asserting these claims.  MPI does not deny that it sought over $40 million in statutory damages in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,                  11                        12-CV-01927-WHO
COSTS, AND EXPERT FEES

this case.  *See* Dkt. No. 96.  In an attempt to obscure its improper motives for relying on the invalid registrations, MPI illogically asserts that "Pearson's exposure to statutory damages . . . exists independently of anything MPI did," and that this is "an appropriate case" for statutory damages.  Dkt. No. 96 at 27:4-11.  Both assertions are false because MPI's eligibility for statutory damages was entirely dependent on the invalid Corbis registrations.  *See* Dkt. No. 81 at 17:12-24 (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008)).  MPI does not deny that the reason that MPI relied on invalid registrations was because statutory damages are only available when the copyrighted work was registered prior to the alleged infringement. *Id.*  MPI's improper reliance on invalid registrations was the only reason MPI was able to seek statutory damages.  MPI's claim that it was "motivated only by a desire to remedy Pearson's [alleged] infringements," Dkt. No. 96 at 31:3-4, is belied by MPI's failure to properly register the copyrights at issue after the Corbis registrations were found invalid by Judge Preska.  An award of fees and costs is appropriate here because MPI's attempt to exploit the Copyright Act's statutory damages provisions was improper.

Contrary to MPI's assertion, a copyright plaintiff cannot avoid the imposition of fees and costs to the prevailing party merely by claiming that the defendant has "deep pockets" and that the plaintiff is in a relatively weaker financial position.  At best, any disparity in the financial capabilities of the litigants would be relevant to the amount of an award, not to whether an award was proper.[11]  MPI's assertion that Pearson is not entitled to fees merely because it is in a stronger financial position than a smaller corporation is misguided logic that would promote the filing of improper claims against large defendants in an attempt to secure settlement awards.  Such reasoning would immunize certain litigants from the risk of a fee award, contravening the express

---

[11]     *See, e.g.*, *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) ("[I]n determining whether to award attorney's fees under § 505, the district court should consider not whether the losing party can afford to pay the fees but whether imposition of fees will further the goals of the Copyright Act."); *Hudson v. Universal Studios, Inc.*, No. 04-Civ-6997 (GEL), 2009 WL 536564, at *3 (S.D.N.Y. Mar. 4, 2009) (noting that "a plaintiff's lack of resources is not relevant to *whether* an award of fees is appropriate, but that 'financial disparities may be a factor considered in determining the magnitude of an award once it has been resolved that such an award is appropriate.'"); *Chivalry Film Prods. v. NBC Universal, Inc.*, No. 05-cv-5627 (GEL), 2007 WL 4190793, at *4 (S.D.N.Y. Nov. 27, 2007) (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,           12                    12-CV-01927-WHO
COSTS, AND EXPERT FEES

language of the Copyright Act and the Supreme Court's instruction that prevailing plaintiffs and defendants must be treated alike. *See* 17 U.S.C. § 505(b); *see also Fogerty*, 510 U.S. at 522-25; *Lexar Homes, Inc.*, 2013 WL 6498293, at *6 ("[T]here is reason for an award of costs and fees so as to deter this Plaintiff, and other similarly situated plaintiffs, from instituting claims void of facts supporting them and litigating without adequate research based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose."). Indeed, one reason MPI may have filed this action in its corporate capacity is to try and insulate the Muenchs from any personal liability for the very award Pearson seeks. While Pearson is sympathetic to MPI's contention that an award of the full attorneys' fees would force it into bankruptcy, MPI (or its counsel) made the calculated decision – in the hopes of gaining leverage on Pearson – to file this action based on copyright registrations that had previously been found invalid and without properly investigating its ownership. At additional expense to Pearson, MPI also failed to properly engage in discovery, and ignored court deadlines in attempting to extend this litigation.

Finally, MPI's assertion that Pearson "infringed MPI's images," citing only a demonstrative exhibit created by MPI's counsel, is wholly improper. *See* Dkt. No. 96 at 25:12. Tellingly, MPI never moved for summary judgment which would have afforded Pearson an opportunity to refute MPI's inaccurate and conclusory claim.[12] Pearson, on the other hand, moved for summary judgment on the grounds that its use of the photographs in suit was authorized by licenses issued by Corbis, the Muenchs' licensing agent. *See* Dkt. No. 62 at 23-31.

### D.    Pearson's Attorneys Fees and Costs Are Reasonable

---

[12]    Pearson did not "infringe" the photographs at issue. As a preliminary matter, the uncorroborated information contained in the demonstrative exhibit created by MPI's counsel is inaccurate. Furthermore, as Pearson explained in its Motion for Summary Judgment, Pearson had a general license to use the images in suit from Corbis, the licensing agent for the photographs at issue. *See, e.g.*, Dkt. No. 62 at 23-29. Based on information uncovered in discovery, on occasion, Pearson eventually printed more copies than it originally projected on billing requests sent to Corbis. *See, e.g.*, *id.* at 14. However, at most this constituted a breach of contract because Pearson failed to notify Corbis of additional usage. *Id.* at 23-29. Moreover, on many occasions any printings in excess of the amount listed in the billing request was inconsequential because Pearson had already paid for those printings. *Id.* at 14.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPERT FEES      13      12-CV-01927-WHO

1      Although MPI requested (and received) a 14-day extension of time to file its Opposition

2   so that its expert could address the reasonableness of Pearson's fees and costs, Dkt. 83 at 2:3-4,

3   MPI did not present any expert opinion on this issue.  Indeed, MPI devotes less than two pages of

4   its 25-page Opposition to the reasonableness of Pearson's fees and costs.  There is nothing

5   unreasonable or redundant about the hours that Pearson's attorneys spent successfully defending

6   against MPI's copyright infringement claims.  Indeed, as the Ninth Circuit has explained, "[b]y

7   and large, the court should defer to the winning lawyer's professional judgment as to how much

8   time he was required to spend on the case; after all, he won, and might not have, had he been

9   more of a slacker."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  MPI's

10  specific arguments are easily addressed and do not require a reduction in fees.

11         •   MPI erroneously contends that "the lion's share of Pearson's [document] production

12  was unnecessary."  Dkt. No. 96 at 33:1.  Merely because Pearson's production of printer orders

13  and invoices is not "useful to MPI," Dkt. No. 96-22 at 7, ¶ 23, does not mean that they are

14  "unnecessary" to the instant action.  These are documents that Pearson would likely have relied

15  upon, and, moreover, were directly responsive to MPI's document requests.

16         •   MPI criticizes Pearson's strategy for successfully moving to keep confidential

17  Pearson's commercially-sensitive print quantities and distribution information, Dkt. No. 96 at 33,

18  but fails to note that MPI's challenge of Pearson's confidentiality designations was rejected in

19  part because it was premature and therefore caused Pearson to incur unnecessary legal fees.

20         •   MPI's contention that Pearson "recycled expert reports" is belied by MPI's own

21  demonstrative exhibit that shows significant differences between expert reports in different

22  matters.  *See* Dkt. No. 96-28.  Indeed, each expert report is based on information specific to each

23  case.  It is ironic that MPI complains about the time experts spent preparing reports given that

24  significant time was devoted to analyzing MPI's improper and incomprehensible damages

25  disclosures (which it later withdrew).  *See* Dkt. No. 81 at 19:1-15.

26         •   MPI contends that there was "obvious overstaffing" but fails to note that this case

27  involved nearly 500 copyright infringement claims and spanned 18 months.  Thus, it is hardly

28  surprising or inappropriate that multiple attorneys worked on the matter.  Indeed, a core group of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,          14          12-CV-01927-WHO
COSTS, AND EXPERT FEES

1   five attorneys accounted for approximately 85% of all time billed.  *See Ctr. for Bio. Diversity v.*

2   *U.S. Bureau of Land Mgmt.*, No. 06-4884, 2012 WL 273604, at *3 (N.D. Cal. Jan. 30, 2012).

3        &bull;  MPI's argument that the fees[13] charged in connection with Pearson's Answer were

4   unreasonable ignores that those charges included analysis of the nearly 500 claims set forth in the

5   Complaint and its lengthy exhibits, as well as consideration of the merits of a motion to dismiss.

6        &bull;  MPI's claim that overstaffing led to an "excessive number of conferences" is similarly

7   misplaced.  *See, e.g.*, *Ctr. for Bio. Diversity*, 2012 WL 273604, at *3 ("In light of the complexity

8   of this case, it is reasonable that . . . counsel would need to confer with each other to strategize");

9   *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 594 F. Supp. 2d 931, 935 (N.D. Ill. 2009).

10       &bull;  Finally, MPI's arguments about block billing are misplaced.  A reduction of time

11  based on block billing is appropriate "only where the time entry description makes it difficult or

12  impossible to assess the reasonableness of the time requested."  *Gauchat-Hargis v. Forest River,*

13  *Inc.*, No. 11-cv-02737, 2013 WL 4828594, at *6 (E.D. Cal. Sept. 9, 2013); *see also Mendez v.*

14  *Cnty. of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008) (block billing "does not justify an

15  across-the-board reduction or rejection of all hours").  In instances where Pearson's attorneys

16  block-billed, the Court can still determine the reasonableness of the fees requested from the

17  detailed billing descriptions.  *See Sunstone Behavioral Health, Inc. v. Alameda County Med. Ctr.*,

18  646 F. Supp. 2d 1206, 1217 (E.D. Cal. Aug. 20, 2009) (determining that where block billing

19  clearly indicated all tasks performed, a reduction in fees was not appropriate.).

20  **III.   CONCLUSION**

21       For the foregoing reasons, and as more fully set forth in Pearson's Opening Memorandum,

22  Pearson respectfully requests that the Court award attorneys' fees, expert fees and costs to

23  Pearson in the amount of $497,874.04 pursuant to 17 U.S.C. § 505.  In the event the Court

24  decides not to award Pearson the full amount of fees and costs it incurred in light of the financial

25  disparity between the parties, Pearson respectfully requests an amount appropriate to partially

26  reimburse Pearson and discourage future improper conduct.

27

28

---

[13]   MPI did not explain how it calculated the fee amounts and failed to include citations to specific billing entries.  Pearson disagrees with the time and fee amounts listed in the Opposition.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPERT FEES

15

12-CV-01927-WHO

1

Dated: February 3, 2014

2

/s/ David W. Marston Jr.

Sharon R. Smith (SBN 221428)

3

Andrew M. Purdy (SBN 261912)
Morgan, Lewis & Bockius LLP

4

One Market, Spear Street Tower
San Francisco, CA 94105-1126

5

Tel:  415.442.1000
Fax:  415.442.1001

6

Email:  srsmith@morganlewis.com

7

            apurdy@morganlewis.com

8

David W. Marston Jr. (admitted *pro hac vice*)
Andrew C. Whitney (admitted *pro hac vice*)

9

MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street

10

Philadelphia, PA 19103
Tel: 215.963.5000

11

Fax: 215.963.5001
E-mail:  dmarston@morganlewis.com

12

            awhitney@morganlewis.com

13

Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP

14

The Nemours Building
1007 N. Orange Street, Suite 501

15

Wilmington, DE 19801
Tel:  302.574.3000

16

Fax:  302.574.3001
E-mail:  adudash@morganlewis.com

17

*Attorneys for Defendant Pearson Education,*

18

*Inc.*

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPERT FEES

16

12-CV-01927-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I am a resident of the State of Delaware and over the age of eighteen years and not a party to the within-entitled action; my business address is 1007 N. Orange Street, Suite 501, Wilmington, Delaware 19801.

On February 3, 2014, I served:

**DEFENDANT PEARSON EDUCATION, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES, EXPERT FEES AND COSTS**

| ☒ | BY E-FILE:  I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: |
|---|---|

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, CO 81501
Telephone: (970) 245-9075
Facsimile: (970) 245-8086
chris@harmonseidman.com

Robert W. Crockett (SBN 79918)
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, CA 94925
Telephone: (415) 945-1830
robert@harmonseidman.com

Alex Rice Kerr (SBN 264821)
Harmon & Seidman LLC
P.O. Box 3097
Jackson, WY 83001
Telephone: (970) 270-4718
alex@harmonseidman.com

Executed on February 3, 2014, at Wilmington, Delaware.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

*/s/ Amy M. Dudash*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPERT FEES

17

12-CV-01927-WHO